UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOSEPH THIBODEAUX | CIVIL ACTION NO.: __________ |
| VERSUS | JUDGE: ____________________ |
| ENSCO OFFSHORE COMPANY | MAGISTRATE: _______________ |

## SEAMAN'S ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, Joseph Thibodeaux (hereinafter sometimes referred to as "Complainant"), who, petitioning this Honorable Court for damages and for causes of actions, respectfully represents as follows, to-wit:

## JURISDICTION

1.

Complainant's causes of actions herein are grounded upon the Jones Act, 46 U.S.C. § 30104, the general maritime laws of the United States of America and the laws of the State of Louisiana and are brought under the jurisdiction of this Honorable Court conferred by Article III, Sect. 2, cl. 3 of the United States Constitution and by virtue of being a case in admiralty and maritime law pursuant to Title 28 U. S. C. §1333. Complainant hereby designates his claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure as that for relief under the admiralty or maritime jurisdiction of this Court.

## CLAIMS

2.

These are actions sounding in contract and in tort for damages resulting from injuries to Complainant arising out of the fault or negligence of the party made defendant herein and/or the unseaworthiness of a vessel owned and operated by such defendant.

3.

Joseph Thibodeaux is of the full age of majority and domiciled in the Parish of St. Martin, State of Louisiana.

4.

Made defendant herein is ENSCO OFFSHORE COMPANY, a foreign business corporation authorized to do and doing business in the State of Louisiana and in the Western District of the United States District Court sitting in the State of Louisiana, who may be served with process and citation through its registered agent for service of process in the State of Louisiana, CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

5.

At all times relevant, Ensco Offshore Company owned, operated and manned a fleet of vessels and a certain jack up vessel identified as Ensco 90, which navigated and conducted drilling and/or completion operations in connection with oil and gas hydrocarbon wells in the navigable waters of the United States off the coast of the States of Louisiana and Texas.

6.

At all times relevant, Complainant enjoyed status as a Jones Act Seaman and was employed by Ensco Offshore Company and permanently assigned to a fleet of vessels owned, operated and manned by Ensco Offshore Company, particularly Ensco 90, Complainant doing the work of such vessels, contributing to the functions and the accomplishments of the missions of the foregoing vessels, while said vessels were positioned in navigable waters of the United States and of the States of Louisiana and Texas.

7.

On or about October 1, 2011, Joseph Thibodeaux was performing his duties as a Deck Foreman upon the jack up vessel known as Ensco 90 in navigable waters of the Gulf of Mexico more than three

marine leagues off the coast of the State of Texas. On the day of the accident, complainant was informed that Ensco 90 was moving to another location approximately 2 miles away and complainant's crew was assigned the task of moving various hoses from operation into a storage mode. During the moving of these hoses, a heavy light fixture approximately 20-25 feet above complainant's head fell and struck complainant causing him to sustain serious injuries to complainant's person including but not to his posterior, back and left hip area.

8.

The afore described injuries and damages to Complainant were caused by the fault or negligence of Ensco Offshore Company, its employees, representatives, or agents and/or the unseaworthiness of the Ensco 90 and her appurtenances, rendering Ensco Offshore Company liable under the Jones Act, 46 U.S.C. § 30104, and the general maritime laws by breach of certain obligations imposed thereby, in the following, non-exclusive particulars:

a. Failure to furnish Complainant with a safe place to work;

b. Creating and maintaining a condition, i.e. an inadequately attached structural component on Ensco 90, presenting unreasonable risks of harm to Complainant and/or so as to prevent the Ensco 90 from being reasonably fit for her intended purpose;

c. Operation of the Ensco 90 and/or her appurtenances in such a manner as to cause injuries to Complainant, including but not limited to conducting at or near inadequately secured structural components;

d. Failure to equip the Ensco 90 and/or her appurtenances with tools or equipment so as to prevent her from presenting unreasonable risks of harm to Complainant and/or so as to make her reasonably fit for her intended purpose;

e. Failure to erect proper safeguards and/or properly warn of the hazards, defects or conditions of and/or upon the Ensco 90, namely the an inadequately attached structural component, presenting unreasonable risks of harm to Complainant and/or presenting conditions rendering such vessel unreasonably fit for her intended purpose;

f. Failure to render safe the Ensco 90, her appurtenances and/or the operations thereon;

g. Failure to prevent a hazard, defect or condition on the Ensco 90, namely the inadequately attached structural component, from presenting unreasonable risks of harm to Complainant and/or conditions rendering such vessel not reasonably fit for her intended purpose, causing damage or injury to Complainant;

h. Employment of a method of operation of the Ensco 90, presenting unreasonable risks of harm to your Complainant and/or causing the Ensco 90 to not be reasonably fit for her intended purpose;

i. Employment of operational practices, policies and/or procedures upon the Ensco 90, causing unreasonable risks of harm to Complainant and/or causing the Ensco 90 not to be reasonably fit for her intended purpose;

j. Failure to inspect, repair, remedy and/or correct the hazards, defects or conditions of the Ensco 90, presenting unreasonable risks of harm to Complainant and/or causing the Ensco 90 not to be reasonably fit for her intended purpose; and/or,

k. Failure to do what it should have done and failure to see what it should have seen.

9.

Complainant claims the afore described incident, injuries and damages were caused as a result of the fault or negligence of Ensco Offshore Company and/or the unseaworthiness of the vessel, Ensco 90, defendant having the care, custody, control and *garde* of such vessel and her appurtenances, the conditions thereon creating unreasonable risks of harm and/or rendering Ensco 90 unfit for her intended purposes, being of a nature not existent absent negligence on the part of defendant herein.

10.

As a result of the afore described incident, injuries and damages, defendant is liable to Joseph Thibodeaux for past, present and future medical expenses, loss of earnings, loss of earning capacity, benefits, loss of enjoyment of life, mental anguish, disability, disfigurement, mental and physical pain and suffering and psychological injuries, and any and all other items of damage, which may be proven at trial on the merits, in an amount not less than $5,000,000.00.

WHEREFORE, above premises considered, Joseph Thibodeaux respectfully prays that Ensco

Offshore Company be duly cited to appear and answer and after all legal delays and due proceedings had, this Honorable Court render judgment in favor of your Complainant and against defendant in an amount not less than $5,000,000.00, together with pre-judgment and post-judgment interests and costs AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

**LAW OFFICES OF**
**MATT & ALLEN, L.L.C.**

s/Aaron J. Allen
**AARON J. ALLEN (#16786)**
**MILES A. MATT (#19034)**
P.O. Box 4405
1026 St. John Street
Lafayette, LA 70501
(337) 237-1000-phone
(337) 232-7580-fax
ajpublic@mattandallen.com

Attorney for Complainant