U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 9 2016

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA LOUISIANA

JOSEPH THIBODEAUX          DOCKET NO.:6:13-cv-02784

VERSUS

         JUDGE DEE D. DRELL

ENSCO OFFSHORE COMPANY      MAG. JUDGE CAROL WHITEHURST

## RULING AND ORDER

Before the court is a motion *in limine* filed by the plaintiff, Joseph Thibodeaux. (Doc. 85).

### I. Witnesses

According to Federal Rule of Evidence 701, a lay witness may provide opinion testimony as long as it is (1) rationally based on his or her perception, (2) helpful to understanding his or her testimony or factual determination, and (3) not based on scientific, technical or specialized knowledge within the scope of F.R.E. 702. The court will allow Mrs. Kolbsberg and Metz to testify and provide opinion testimony as long as it is limited to these exceptions; however, they will not be allowed to testify or rely upon hearsay evidence as they are not expert witnesses.

### II. Guidance for Banksman

Thibodeaux argues the Guidance for Banksman document did not exist at the time of the accident; therefore, it should be excluded as irrelevant pursuant to F.R.E. 401 and 402. The defendants argue that Thibodeaux listed the exhibits without objection; therefore, any objection is waived. We agree with plaintiff that because the evidence was created post accident; it is irrelevant; and, it cannot be relied upon or referenced by any witness. We further find that Thibodeaux's objection is timely per the court's pretrial conference order (Doc. 83).

### III. Work Instruction for General Deck Lifts

Thibodeaux argues that the Work Instruction for the ENSCO 90 concerning General Deck Lifts that was produced is a revision that was prepared on January 4, 2012, after the accident. Accordingly, it is irrelevant under F.R.E. 401 and 402. The defendants again argue that Thibodeaux waived his objection by listing the exhibit in the pretrial order. For the reasons set forth above, we find the Work Instruction for General Deck Lifts shall be excluded and may not be relied upon or referenced by any witness. Again, we find Thibodeaux's objection timely per the court's pretrial conference order.

### IV. Recorded/Transcribed Statement of James "Jay" Puckett

The parties dispute whether the recorded statement of Mr. James "Jay" Puckett obtained by the defendants' private investigator is admissible evidence. The court will hear argument at the beginning of the trial on September 12, 2016 regarding the admissibility and use of Mr. Puckett's statement.

### V. Incident Investigation Report & Photographs

Thibodeaux also seeks to exclude the Incident Investigation Report prepared by Ryan Metz, ENSCO Rig 90's Rig Manager, subsequent to the accident. Thibodeaux contends the report is based on hearsay and/or prejudicial statements of ENSCO employees, including Mr. Puckett, who were present at the time of the accident. The defendants argue that the report was prepared by Mr. Metz in the course and scope of business "immediately following the incident, based on photographs, interviews of witnesses, and, of course, the extensive background and day-to-day experience of the men on the rig and the men who were responsible for operations aboard the rig...." In support, the defendants cite the unpublished case of Underwriters at Lloyd's of London v. OSCA, Inc., 2006 WL 941794 (5th Cir. April 12, 2006), but that case dealt with objections based

upon the inclusion of subsequent remedial measures (F.R.E. 407), not that it was based on hearsay (F.R.E 803) or prejudicial (F.R.E. 403) evidence. With that said, the Fifth Circuit determined the trial court properly admitted the incident report as long as it does not include subsequent remedial measures. This same line of thinking can be found in the unpublished opinion from our sister court in Thornton v. Diamond Offshore Drilling, Inc., 2008 WL 2315845 (E.D.La. May 19, 2008).

Even if the report was made in the regular course of business, we have not determined whether the facts upon which it is based, Mr. Puckett's testimony, are hearsay and/or the statements of the other ENSCO employees' are prejudicial. Accordingly, we will hear argument on September 12, 2016 regarding the admissibility of the Incident Investigation Report at the beginning of trial.

VI. **Blind Lift, Discussion About Crane Block Hazard, Thibodeaux's Location, Diversion of Attention, Location of Other Equipment, Adequacy of Rigging, and Weight Bearing Capacity**

The court will determine the admissibility of these issues depending upon the predicate laid and what testimony is actually adduced at trial. To attempt to rule on these issues at this time would be hypothetical.

VII. **Opinions Concerning the Force Applied to the Light Shield**

Designated experts may remain in the courtroom and hear Mr. Killingworth's testimony. To the extent the defendants' experts offer opposing testimony, the court will determine at that time whether it is proper and admissible.

VIII. **ENSCO Employment Levels**

The court reserves ruling pending testimony regarding Thibodeaux's upward mobility.

For the foregoing reasons,

**IT IS ORDERED**, that the Motion *In Limine* (Doc. 85) is **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** at Alexandria, Louisiana this 9th day of September, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT